## Black Diamond Colliery, Inc., v. Alderson et al.

*Mose H. Salsburg* and *Henry Thalenfeld*, for plaintiff.

*Thomas F. Burke* and *Herman C. Cardom*, for defendants.

VALENTINE, P. J., October 21, 1947.—The bill in equity in this case was filed September 4, 1947, at which time a preliminary injunction was granted restraining defendants from stripping certain lands situate in Kingston Township, this county. By opinion and order filed September 18, 1947, the injunction was dissolved for the reason that under the allegations of the bill plaintiff had an adequate remedy at law.

An amended bill was filed September 23, 1947, which prayed, inter alia, "that the injunction be rein-

stated and made effective until hearing on the merits and thereafter until the matter herein is decided by arbitration".

Paragraph 12 of the agreement between plaintiff and defendant, Alderson, under which plaintiff was given the license or privilege of stripping coal from the areas designated by Alderson's engineer, provided for arbitration in the following language:

"12. It is understood and agreed that in event any dispute or question arise as to the removal of coal from the area designated by the mining engineer or the operator or the terms of this agreement, the same shall be submitted to and determined by three arbitrators, one of whom shall be appointed by each of the parties hereto and the two thus chosen shall select the third, the decision of the majority to be final, binding and conclusive upon the parties without appeal, but if for any reason the parties shall fail to select arbitrators as herein provided, then in such event they shall be selected in conformity with the provisions of the Act of Assembly of Pennsylvania, approved April 25, 1927, P. L. 381, and the amendments and supplements thereto."

The testimony taken on the hearing of plaintiff's application for reinstatement of the injunction established the following facts.

On August 19, 1947, plaintiff was notified by defendant that the license or privilege of stripping coal was revoked by reason of plaintiff's alleged failure to comply with the terms of the contract. Plaintiff replied to this notice under date of August 27, 1947, denying the alleged violations, and calling attention to the provisions of paragraph 12 of the agreement, and advising defendant "if you have any complaint to make we respectfully request that under the terms of the contract you should request arbitration". Neither party has taken any steps to have the controversy settled by arbitration. Defendant takes the position that the

provision for arbitration does not apply to the existing situation, and plaintiff contends that the duty of instituting arbitration proceedings is upon defendant "because he raised the dispute".

We are of the opinion that a dispute "has arisen" as to the removal of coal "from the areas designated by the mining engineer", as plaintiff claims the right to strip the coal therein, which right is denied by defendant.

We think, therefore, that plaintiff is obligated to proceed under the arbitration clause contained in the contract. We agree with plaintiff's counsel that the issue should be decided by arbitration, but inasmuch as plaintiff has refrained from taking any steps to carry out the terms of the contract relative to arbitration, we do not think it is entitled to have the injunction, previously dissolved, reinstated, or a special injunction granted pursuant to Equity Rule 40, in order that the status quo be maintained. We have been referred to no authority in which equity has intervened in a situation such as here exists.

We are also of the opinion that irrespective of the arbitration feature the injunction should not be continued as plaintiff has not met the burden of establishing the fact (averred in the amended bill) that the damages resulting from the alleged breach of contract by defendant could not be ascertained or measured.

Application for an injunction is refused.